IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. 09-669-3 |
| | : | |
| v. | : | CIVIL ACTION Nos. 14-1044 & 16-2257 |
| | : | |
| HAROLD MARTINEZ | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                **March 22, 2017**

Defendant Harold Martinez, proceeding pro se, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting numerous claims of ineffective assistance of counsel. Since filing his original § 2255 motion, Martinez has filed two motions to amend, seeking to raise additional ineffective assistance of counsel claims. More recently, Martinez filed a new § 2255 motion in which he seeks relief from certain of his convictions based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government urges this Court to dismiss Martinez's original § 2255 motion, arguing the motion is untimely because it was filed more than one year after Martinez's conviction became final.

Because the record in this case conclusively shows Martinez's original § 2255 motion is time barred, his ineffective assistance of counsel claims will be dismissed and the motions to amend, which seek leave to pursue additional ineffective assistance claims that are also untimely, will be denied. Martinez's request for relief based on *Johnson*, in contrast, is timely, having been filed within one year after the Supreme Court issued the *Johnson* decision, which has since been held to apply retroactively to cases on collateral review. As explained below, because Martinez's original § 2255 motion remained pending when he filed his *Johnson* motion, the Court will construe the latter motion as a further motion to amend the original § 2255 motion,

rather than as a second § 2255 motion, and will grant the motion.  Consistent with the May 16, 2016, Administrative Order governing motions for collateral relief based on *Johnson* in this District, and the practice for handling *Johnson* motions in this District, the Court will appoint counsel for Martinez for purposes of litigating his *Johnson* claims, and further proceedings in this case will be stayed pending further court order.

**BACKGROUND**

On February 18, 2011, Martinez, a citizen of the Dominican Republic and a native Spanish speaker, was convicted following a jury trial of federal offenses relating to his involvement in a planned robbery of a purported drug stash house from which he and his codefendants believed more than five kilograms of cocaine could be stolen.[1]  On March 6, 2011,[2] after his conviction but before sentencing, Martinez filed a pro se "Motion of Direct Appeal" pursuant to the "Federal Rules of Civil Appellate Procedure," challenging, among other things, this Court's denial of his pretrial motion to dismiss his court-appointed counsel, who Martinez believed had provided inadequate representation, and requesting that the Court dismiss his counsel and "appoint competent effective counsel, as deemed fair and proper."  Def.'s Mot. of Direct Appeal 1-2, 7, ECF No. 201.  Construing the motion as a notice of appeal, the Clerk of

---

[1] Martinez was convicted of five counts:  conspiracy to commit robbery which interferes with interstate commerce (also known as Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a); conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; attempted Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2; possession of a firearm in furtherance of a violent crime or a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and obstruction of justice, in violation of 18 U.S.C. § 1503.

[2] Martinez's pro se submissions are deemed to have been filed as of the date they were placed in the prison mailing system.  *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding a pro se prisoner's § 2255 motion "is deemed filed at the moment he delivers it to prison officials for mailing to the district court").

Court transmitted the filing to the Third Circuit, which docketed the appeal, appointed Martinez's trial counsel to continue to represent Martinez on appeal, and stayed the appeal pending entry of a judgment and commitment order.

A month later, on April 11, 2011, Martinez filed a pro se "Motion to Dismiss Ineffective Defense Counsel" in this Court, again asserting he had received ineffective assistance of counsel prior to and during trial and asking the Court to appoint new counsel for purposes of sentencing and appeal. After a hearing, this Court denied the motion, and the case proceeded to sentencing, with Martinez represented by his trial counsel.[3] On May 31, 2011, this Court sentenced Martinez to a total of 211 months of imprisonment,[4] and Martinez's counsel thereafter filed a notice of appeal on June 9, 2011. Martinez filed a further pro se notice of appeal on July 28, 2011.

On February 7, 2012, the Third Circuit issued an opinion rejecting Martinez's claims on appeal and entered judgment affirming Martinez's judgment of conviction and sentence.[5] *See United States v. Martinez*, 460 F. App'x 190 (3d Cir. 2012). Martinez filed a petition for panel

---

[3] Martinez apparently submitted the same "Motion to Dismiss Ineffective Defense Counsel" to the United States Supreme Court. *See* Def.'s Reply to Gov't's Resp. to § 2255 Mot., App. 13-18, ECF No. 308. Martinez also maintains that on April 17, 2011, shortly after filing his motion to dismiss his counsel in this Court, he wrote to Supreme Court Justice Sonia Sotomayor asserting his innocence of the offenses of which he was convicted, raising numerous complaints about his trial counsel's performance, and seeking her intervention in his case. *See id.* App. 9-12.

[4] The 211-month sentence consisted of 151 months on each of the conspiracy and robbery counts, all such terms to run concurrently; a concurrent 120-month term on the obstruction of justice count; and a consecutive 60-month term on the firearm count. Martinez's sentence was later reduced to 181 months based on Amendment 782 to the United States Sentencing Guidelines, which reduced by two levels the base offense levels assigned to specific drug quantities in the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c). *See* Order, July 17, 2015, ECF No. 316.

[5] Martinez raised three issues in his counseled direct appeal, challenging this Court's denial of his pretrial motions (1) to sever the obstruction of justice count from the remaining counts for trial; (2) to suppress statements he made to his codefendants in an elevator at the Federal Detention Center; and (3) to suppress physical evidence seized during a search of his vehicle.

rehearing and/or rehearing en banc, but the Court of Appeals denied the petition by Order of March 5, 2012. Martinez did not file a petition for a writ of certiorari in the United States Supreme Court, though he contends he requested his counsel to do so.[6]

On September 6, 2013, approximately a year and a half after the Third Circuit decided his direct appeal, Martinez requested a copy of his sentencing transcript for purposes of preparing a § 2255 motion. On November 25, 2013, the Court denied the request without prejudice. *See* Order, Nov. 25, 2013, ECF No. 295. Three weeks later, on December 16, 2013, Martinez filed a motion for an order directing his trial counsel to provide Martinez with a complete copy of his file. The Court referred the motion to Martinez's trial counsel for a response, and, on March 5, 2014, trial counsel sent Martinez a copy of his sentencing transcript and agreed that if Martinez would specify the additional items he wished to receive, counsel would attempt to provide the items to Martinez. In view of this resolution, the Court denied Martinez's motion without prejudice on April 3, 2014. *See* Order, Apr. 3, 2014, ECF No. 303.

In the meantime, on February 14, 2014, Martinez filed the instant § 2255 motion, alleging his counsel was ineffective in numerous respects both at trial and on appeal. Specifically, Martinez contends his attorney was ineffective in failing to file a petition for a writ of certiorari

---

[6] Martinez claims to have filed in the Supreme Court a motion for a court appointed attorney to file a petition for a writ of certiorari on May 27, 2013, and to have sought an extension of time to file a certiorari petition from this Court the same day. *See* Def.'s Reply to Gov't's Resp. to § 2255 Mot. 5. This Court has no record of having received the extension motion, which does not appear on the electronic docket in this case, and the copy of the motion appended to Martinez's reply brief is unsigned. *See id.*, App. 20-21. It is not clear why Martinez would have sought an extension of the certiorari deadline from this Court, given that the petition was to be filed in the United States Supreme Court. *See* U.S. S. Ct. R. 13(5) (providing that "[f]or good cause, a Justice may extend the time to file a petition for a writ of certiorari for a period not exceeding 60 days," and specifying an application to extend the time must be filed with the Clerk of the Supreme Court). But even assuming Martinez did, in fact, submit an extension motion, as alleged, the motion would have been untimely by almost a year, as the 90-day period in which to file a certiorari petition expired on June 4, 2012.

with the Supreme Court despite Martinez's request that he do so; failing to challenge Martinez's sentence as procedurally and substantively unreasonable on direct appeal; failing to seek a downward departure or variance based on numerous mitigating factors at sentencing; failing to adequately investigate Martinez's claim that the officers who arrested him beat him, rendering his consent to the search of his car involuntary; failing to adequately advise Martinez of the pros and cons of testifying in his own defense at trial; providing the Government with evidence that led to the obstruction of justice conviction; failing to competently challenge the firearm and drug charges; and failing to formulate an appropriate objection to the Court's proposed response to a jury question.  Since filing his original § 2255 motion, Martinez has twice sought leave to amend and/or supplement the motion to include additional ineffective assistance of counsel claims.[7]

On April 24, 2014, the Government responded to Martinez's § 2255 motion.  The Government argues the motion should be dismissed without an evidentiary hearing because it is untimely on its face, having been filed more than one year after Martinez's conviction became final.

In a reply filed on November 21, 2014, Martinez argues his § 2255 motion is timely because it relates back to the filing of his March 2011 "Motion of Direct Appeal," in which he first raised issues concerning his counsel's ineffectiveness, and which he contends should be construed as his original § 2255 motion.  Alternatively, Martinez argues the statute of limitations should be equitably tolled because of his lack of knowledge of the English language and the American judicial system, the lack of Spanish speaking inmates to assist him in prison, and his trial counsel's failure to cooperate with his requests for transcripts and other case-related materials.

---

[7] Martinez filed motions to amend his § 2255 motion on March 21, 2014, and December 2, 2014.

On May 3, 2016, Martinez filed a new § 2255 motion, seeking relief from his convictions for conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, and possession of a firearm in furtherance of a violent crime or a drug trafficking crime, in violation of 18 U.S.C. § 924(c), based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague and that imposing an increased sentence under that provision violates due process. Martinez argues, inter alia, that under *Johnson*, the similarly worded residual clause in § 924(c)(3)(B) is also unconstitutionally vague, and that his § 924(c) conviction is therefore invalid.

**DISCUSSION**

Section 2255 motions are subject to a one-year period of limitation which runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and make retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Where, as here, a defendant files a direct appeal but does not file a certiorari petition, his conviction becomes final for limitations purposes when "the time for seeking [certiorari] review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003); *see also Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). Under the Supreme Court Rules, a

defendant has 90 days "from the date of entry of the judgment or order sought to be reviewed" to file a petition for a writ of certiorari, except that if a timely petition for rehearing is filed, the 90-day period runs "from the date of the denial of rehearing."  U.S. S. Ct. R. 13(1), (3).  Martinez filed a timely petition for rehearing in this case; hence, his conviction became final on June 4, 2012, 90 days after the Third Circuit denied his petition for rehearing on March 5, 2012.  Because Martinez did not file his original § 2255 motion until February 14, 2014, more than 20 months after his conviction became final, the motion is untimely unless an alternative start date applies or there is a basis to equitably toll the limitations period.

Martinez does not suggest any of the alternative start dates set forth in § 2255(f)(2)-(4) applies to his original § 2255 motion or the proposed amendments thereto, and upon review of the record, the Court is satisfied none of those dates applies.  Section 2255(f)(2) is inapplicable because Martinez does not identify any governmental action that prevented him from filing his motion within the limitations period.  And § 2255(f)(3) and (4) are inapplicable because Martinez's ineffective assistance of counsel claims are not based on either a newly recognized constitutional right or newly discovered facts.

Instead of arguing for a later start to the one-year limitations period, Martinez argues his Motion of Direct Appeal, filed after his conviction but before he was sentenced, should be construed as a § 2255 motion, to which his later filings, including his original § 2255 motion, should be deemed to relate back under Federal Rule of Civil Procedure 15(c).  The Court disagrees.  Although pro se filings are to be construed liberally, especially when the litigant making the filings is incarcerated, *see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013), the Motion of Direct Appeal cannot reasonably be construed as a § 2255 motion.

To the extent the motion was not intended as a notice of appeal,[8] it appears to have been aimed at obtaining new counsel for Martinez prior to sentencing.  The motion opens by challenging this Court's denial of Martinez's pretrial motion to dismiss his appointed counsel and concludes with the following request for relief:

> WHEREFORE, the defendant has demonstrated just cause to dismiss Court appointed defense counsel . . . for ineffectiveness before and during trial. Thus, the defendant avers []it would be a futile attempt in expecting anything different during sentencing, and the defendant does not wish to have a furtherance of his due process rights violated.

> WHEREFORE, the defendant Harold Martinez, prays this Honorable District Court, for the Eastern District of Pennsylvania, GRANTS this "MOTION OF DIRECT APPEAL," AND Dismiss Court Appointed Counsel and COURT APPOINT COMPETENT EFFECTIVE COUNSEL, AS DEEMED FAIR AND PROPER.

Def.'s Mot. of Direct Appeal 7.  In arguing the motion was actually a § 2255 motion that was simply mislabeled as a Motion of Direct Appeal, Martinez stresses that the motion raised allegations of ineffective assistance of counsel.  As is apparent from the request for relief, however, the purpose of these allegations was to establish "just cause" for counsel's dismissal. Notably, a month after the Motion of Direct Appeal was docketed as a notice of appeal and forwarded to the Third Circuit, Martinez filed a further motion to dismiss his counsel and appoint new counsel for purposes of sentencing and appeal in this Court, again citing trial counsel's ineffectiveness as a reason to grant the request.  Following a hearing, this Court denied the motion, advising Martinez, on the record, that the Court did not intend to give him a new lawyer

---

[8] The motion bears at least some characteristics of an appellate pleading:  it is captioned as a Motion of Direct Appeal, invokes the appellate procedure rules, and appears to seek appellate review of the proceedings before this Court.  See Mot. of Direct Appeal 3 (arguing "this Third Circuit Court" has an "independ[e]nt responsibility and authority to correct this issue [the denial of Martinez's motion to dismiss counsel] that has now become a 'true miscarriage of justice'"); id. at 4 (noting the Court of Appeals will not allow defense counsel's "actions of detriment to stand . . . unchecked").

prior to sentencing and would not entertain pro se motions from him, and stating Martinez's complaints about his counsel were matters Martinez could raise later, on collateral review.[9] Given the timing of the Motion of Direct Appeal, which was filed before Martinez was even sentenced; the relief requested therein; and Martinez's reliance on counsel's ineffectiveness as a justification for appointing new counsel, the motion cannot reasonably be construed a § 2255 motion.

Martinez also seeks to avoid the limitations bar based on equitable tolling. Martinez argues equitable tolling is warranted in this case based on difficulties he experienced in preparing a § 2255 motion due to his lack of facility with both the American judicial system and the English language and his counsel's refusal to cooperate in providing him with transcripts. Martinez notes that when he arrived at FCI Fort Dix in June 2011, there were no Spanish-speaking inmates available to assist him. He also asserts that, lacking trial and sentencing transcripts, it was difficult for him to find a jailhouse lawyer to prepare his legal pleadings.[10]

The one-year limitations period for filing a § 2255 motion may be equitably tolled "when a movant shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *United States v. Doe*, 810 F.3d 132, 150 (3d Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Third Circuit has recognized that a language deficiency may in some instances be a basis for equitable tolling, holding a petitioner's "inability to read or understand English, combined with

---

[9] Because Martinez filed this further motion to dismiss his counsel, which this Court addressed prior to sentencing, Martinez was not prejudiced by any error that may have been made in construing his Motion of Direct Appeal as a notice of appeal.

[10] Martinez also alludes to having been misled by prior jailhouse lawyers, but makes no allegations as to what he was misled about or whether or how the advice he received prevented him from timely filing a § 2255 motion.

denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." *Pabon v. Superintendent S.C.I. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011). Even where a language deficiency rises to the level of an extraordinary circumstance, however, the petitioner must "exercise[] reasonable diligence in . . . bringing [the] claims" to benefit from equitable tolling. *Id.* at 402 (alteration in original) (quoting *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998)); *see also Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence." (citations and additional internal quotation marks omitted)).

The allegations in Martinez's filings fall short of establishing the reasonable diligence required for equitable tolling. The record reflects that, between his February 2011 trial and his May 31, 2011, sentencing hearing, Martinez raised the issue of his counsel's ineffectiveness in motions seeking to have counsel dismissed and new counsel appointed, and in a letter to Justice Sotomayor. But the record reflects no further efforts by Martinez to pursue an ineffective assistance of counsel claim until he requested his sentencing transcript from this Court in September 2013. Indeed, following the Third Circuit's denial of his petitions for panel and en banc rehearing of his appeal in March 2012, Martinez apparently took no action in his case until May 2013, more than a year later, when he alleges he sought counsel and an extension of time to file a belated certiorari petition. Martinez then waited another four months, until September 2013, before seeking his sentencing transcript for purposes of pursuing a § 2255 motion, by which time the one-year limitations period had already lapsed. Notably, Martinez does not allege he made any efforts to learn of the requirements for filing a § 2255 motion in the year and a half after his direct appeal was decided. His sparse activity in the almost two years between the denial of his direct appeal and the filing of his original § 2255 motion stands in contrast to

the actions found to constitute reasonable diligence in other cases. *Compare Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) (holding petitioners were not entitled to equitable tolling based on their language deficiencies where they failed to allege "any efforts to contact anyone outside the prison who might assist in making them aware, in their language, of legal requirements for filing a habeas corpus petition, [or] what efforts were made to learn of such requirements within their places of confinement"), *with Pabon*, 654 F.3d at 402 (holding a non-English-speaking habeas petitioner was reasonably diligent in pursuing his claims based on his "ten or more efforts" to obtain assistance before and after the limitations deadline, including seeking help from his lawyer while his state Post Conviction Relief Act (PCRA) petition was pending, and seeking legal materials and assistance within the prison system on numerous occasions in the six months after his PCRA petition was finally denied). Thus, even assuming Martinez's language difficulties and difficulty finding a jailhouse lawyer to assist him rise to the level of extraordinary circumstances, Martinez has failed to establish a basis for equitable tolling of the limitations period in this case. Because Martinez's original § 2255 motion is time barred, his proposed amendments are futile as they would at best relate back to the filing date of the untimely original motion.

While the record conclusively shows Martinez's ineffective assistance of counsel claims are time barred, his claims based on *Johnson v. United States* appear to be timely under § 2255(f)(3). Martinez's § 2255 motion raising those claims is deemed filed as of May 3, 2016, less than a year after the Supreme Court issued the *Johnson* decision on June 26, 2015, and *Johnson* has been held to apply retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Although Martinez has raised his *Johnson* claims by filing a second § 2255 motion, rather than a motion to amend his original § 2255 motion, he appears to

have done so based on the mistaken belief that the original § 2255 motion had been dismissed as untimely.[11]   *See* Def.'s Second § 2255 Mot. 3, ECF No. 318.   Because Martinez's original § 2255 motion was, in fact, still pending at the time his second motion was filed, it is appropriate to construe the second motion as a motion to amend his original § 2255 motion.   *See Jones v. United States*, No. 14-1147, 2016 WL 3566274, at *3 (W.D. Tenn. June 27, 2016) (allowing a defendant to amend his § 2255 motion to include a *Johnson* claim, where the *Johnson* claim was timely, even though the original § 2255 motion was not); *Black v. United States*, No. 02-468, 2004 WL 2009364, at *3 n.4 (D. Del. Sept. 8, 2004) (noting § 2255(f)(3) can render an untimely amendment to a time-barred § 2255 motion timely).   So construed, the motion will be granted. As has been the practice in this District, this Court will appoint counsel for Martinez for purposes of pursuing his *Johnson* claims.[12]

---

[11]   If Martinez's § 2255 were construed as a second § 2255 motion, the Court would be constrained either "to dismiss the petition or transfer it to the Court of Appeals pursuant to 28 U.S.C. § 1631."   *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); *see also* 28 U.S.C. § 2255(h) (requiring authorization from the court of appeals before a second or successive § 2255 motion may be filed).

[12]   As noted, Martinez seeks relief from his convictions for conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, and possession of a firearm in furtherance of a violent crime or a drug trafficking crime based on *Johnson*.   Although the Court fails to see how *Johnson* has any impact on Martinez's convictions under the Hobbs Act, which does not contain a residual clause, his *Johnson*-based challenge to his § 924(c) conviction raises a more substantial issue.   To be sure, this claim is not without obstacles.   For one, Martinez was convicted of possession of a firearm in furtherance of a violent crime *or* a drug trafficking crime. While the jury was not required to determine which offense he possessed a firearm in furtherance of—the violent crime (conspiracy to commit Hobbs Act robbery or attempted Hobbs Act robbery), the drug trafficking crime (conspiracy to possess cocaine), or both—it bears mention that Martinez was convicted of all three of the potential predicate offenses.   Moreover, there appears to be a building consensus among the federal courts of appeals that Hobbs Act robbery is a crime of violence for purposes of § 924(c) under the statute's "elements clause," 18 U.S.C. § 924(c)(3)(A), mooting any potential *Johnson* issue as to the statute's residual clause. *See, e.g.*, *United States v. Gooch*, --- F.3d ---, ---, 2017 WL 816882, at *5 (6th Cir. Mar. 2, 2017) (collecting cases).   The Third Circuit's decision in *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), suggests it may ultimately adopt this view.   *See id.* at 144 (noting the language of the

Motions seeking collateral relief based on the *Johnson* decision in this District are subject to the May 16, 2016, Administrative Order issued by the Chief Judge of this Court.  In order to facilitate the orderly processing and resolution of the unusually large number of contemporaneously-filed *Johnson* motions in this District, to provide justice to those movants whose meritorious claims would result in immediate release, and to permit sufficient time for the parties to litigate the issues raised in the motions, the Administrative Order extends certain filing deadlines and directs that all *Johnson* motions be stayed while the motions are prioritized.  Accordingly, this matter will be stayed pending further court order.

BY THE COURT:

___/s/ Juan R. Sánchez_____
Juan R. Sánchez, J.

---

definition of Hobbs Act robbery "would seem adequate in and of itself to satisfy the 'elements' clause of § 924(c)(3)(A)," but finding it unnecessary to resolve the issue); *id.* at 151 (Fuentes, J., concurring) (finding "Hobbs Act robbery is categorically a crime of violence under Section 924(c)(3)").  Nevertheless, in the absence of a definitive ruling from the Third Circuit, the Court is loath to resolve this issue without further briefing from counsel.